# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3542

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| Jose Luis Rios-Muro, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: January 12, 2006
Filed: January 12, 2006

———————

Before ARNOLD, BYE, and SMITH, Circuit Judges.

———————

PER CURIAM.

Jose Luis Rios-Muro appeals the sentence the district court[1] imposed following his guilty plea to illegally reentering the United States after having been convicted of an aggravated felony (burglary) and deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). Rios-Muro argues that the district court should have departed downward based on overstated criminal history and based on cultural assimilation. He also argues that the district court impermissibly double counted the burglary conviction, by using it both to enhance his base offense level and to compute his criminal history.

———————

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

These arguments fail. First, the district court's decision not to grant a downward departure based on overstated criminal history is unreviewable. See United States v. Frokjer, 415 F.3d 865, 874 (8th Cir. 2005) (denial of downward departure is unreviewable unless district court had unconstitutional motive or erroneously believed it lacked authority to depart). Second, Rios-Muro did not move below for a departure based on cultural assimilation, and the district court did not plainly err in not departing sua sponte. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review). Third, the district court did not err in considering Rios-Muro's burglary conviction in computing both his offense level and his criminal history. See U.S.S.G. § 2L1.2, comment. (n.6) ("conviction taken into account under . . . [U.S.S.G. § 2L1.2(b)(1)] is not excluded from consideration of whether that conviction receives criminal history points"); cf. United States v. Dyck, 334 F.3d 736, 740 (8th Cir. 2003) (in illegal-reentry case, defendant's prior drug-trafficking conviction could be used both to enhance his base offense level pursuant to § 2L1.2(b)(1) and to compute his criminal history category).

Accordingly, we affirm.

_____